YOUNG v CITY OF ANN ARBOR (ON REMAND)

Docket No. 85186. Submitted May 29, 1985, at Lansing.—Decided November 19, 1985. Leave to appeal applied for.

Kenneth L. Young hanged himself while being held in a detention cell at the Ann Arbor Police Station. Mary Lorraine Young, personal representative of the estate of the deceased, brought an action in the Washtenaw Circuit Court against the City of Ann Arbor, its chief of police, and other police officers claiming that the cells in the station were maintained by the city in an unsafe condition and that the individual defendants had been negligent in performing their ministerial duties. At the close of plaintiff's proofs, the trial court, Edward D. Deake, J., directed a verdict in favor of one of the arresting officers, the chief of police, and the City of Ann Arbor. The jury subsequently returned a verdict in favor of the remaining three defendants. A motion for a new trial was denied. Plaintiff appealed and the Court of Appeals reversed and remanded for a new trial, holding, among other things, that the trial court erred in directing a verdict in favor of the police chief because he had a ministerial duty to enforce regulations set forth by the Department of Corrections and he failed to do so. The Court of Appeals held that the police chief was not entitled to governmental immunity where he violated a ministerial duty of his office, 119 Mich App 512 (1982). Defendant police chief, Walter Krasny, applied for rehearing on the issue of whether the trial court erred in directing a verdict in his favor on the ground of governmental immunity. Rehearing was granted and the Court of Appeals reversed its earlier opinion and affirmed the trial court's directed verdict in favor of Krasny, finding that, under the "scope of employment" test for individual immunity, Krasny would be entitled to claim official immunity. 125 Mich App 459 (1983). Plaintiff sought leave to appeal to the

REFERENCES

Am Jur 2d, Appeal and Error § 849.

Am Jur 2d, Municipal, School, and State Tort Liability §§ 27 et seq., 243 et seq.

Am Jur 2d, Trials §§ 481 et seq.

See the annotations in the ALR3d/4th Quick Index under Direction of Verdict; Governmental Immunity or Privilege; Police.

Supreme Court, which, in lieu of granting leave, remanded the case to the Court of Appeals for reconsideration in light of *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567 (1984). 422 Mich 900 (1985). On remand, *held:*

In *Ross*, the Supreme Court reaffirmed its support of the discretionary-ministerial test, now known as the "discretionary-decisional versus ministerial-operational" test. Applying that test, Krasny's alleged negligence was ministerial-operational in nature, for which Krasny is not entitled to individual immunity. The trial court committed reversible error in directing a verdict in favor of Krasny.

Reversed.

1. GOVERNMENTAL IMMUNITY — POLICE — RULES AND REGULATIONS.
    The enforcement of departmental rules and regulations by a chief of police is a ministerial-operational act under the "discretionary-decisional versus ministerial-operational" test for governmental immunity from tort liability; discretionary-decisional acts are normally protected under governmental immunity, while ministerial-operational acts are not; therefore, a police chief is not entitled to governmental immunity where his failure to enforce departmental rules and regulations results in the death of a person being held in the city jail.

2. APPEAL — DIRECTED VERDICTS.
    The Court of Appeals, when reviewing a trial court's order granting a motion for a directed verdict, views the evidence presented in the light most favorable to the nonmoving party.

3. MOTIONS AND ORDERS — DIRECTED VERDICTS.
    The proper test for determining whether a motion for a directed verdict should be granted is whether or not evidence was offered upon which reasonable minds could differ.

*Donald B. Greenspon,* for plaintiff.

*John K. Van Loon,* for defendant.

Amicus Curiae:

*Donald Pailen,* Corporation Counsel, for the City of Detroit.

ON REMAND

Before: R. M. MAHER, P.J., and ALLEN and M. J. KELLY, JJ.

PER CURIAM. This is the third occasion for this case before this Court. Originally, we held that because the alleged negligent acts of defendant Police Chief Walter Krasny were ministerial in nature he was not entitled to assume the cloak of official immunity to shield himself from potential liability. *Young v Ann Arbor,* 119 Mich App 512, 519; 326 NW2d 547 (1982). Judge MAHER dissented.

Subsequently, application for rehearing was granted. Upon rehearing, we concluded that under the "scope of employment" test for individual immunity defendant Krasny would be entitled to claim official immunity. Therefore, we reversed our earlier opinion and affirmed the trial court's direction of verdict in Krasny's favor. *Young v Ann Arbor (On Rehearing),* 125 Mich App 459, 461-462; 336 NW2d 24 (1983). Judge (now Justice) CAVANAGH dissented, claiming that the proper test for individual immunity remained the discretionary-ministerial test.

Justice CAVANAGH was the better prophet. Upon application for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court for reconsideration in light of the Supreme Court's opinion in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984). 422 Mich 900 (1985) (CAVANAGH, J., not participating). (1985). In that case, the Supreme Court reaffirmed its support of the discretionary-ministerial test, now known as the "discretionary-decisional versus ministerial-operational" test.

Applying that test to the facts of this case, we readopt our original holding that defendant Krasny's alleged negligence was ministerial-operational in nature. It will be recalled that the Ann Arbor

facility was *mandated* to follow departmental rules and regulations. Defendant Krasny was responsible for overseeing and enforcing relevant policies and practices. He had no discretion, therefore, to permit deviations from those rules and regulations. Paraphrasing *Ross, supra,* defendant Krasny's actions were those which involved the performance of a duty in which he had little or no choice, the execution of which might have entailed some minor decisions. Thus, under *Ross, supra,* defendant Krasny is not entitled to individual immunity. Having so decided, it is still necessary to determine whether the trial court properly granted a directed verdict in his favor.

On appeal from a trial court order granting a motion for a directed verdict, this Court will view the evidence presented in the light most favorable to the nonmoving party. *Cody v Marcel Electric Co,* 71 Mich App 714; 248 NW2d 663 (1976), *lv den* 399 Mich 851 (1977); *Hensley v Colonial Dodge, Inc,* 69 Mich App 597; 245 NW2d 142 (1976). The proper test for determining whether the motion should be granted is whether or not evidence was offered upon which reasonable minds could differ. *Armstrong v LeBlanc,* 395 Mich 526; 236 NW2d 419 (1975).

It has already been established that defendant's duty was to see that the required departmental rules and regulations were enforced. Defendant's own testimony indicates that he did not require compliance. That evidence is sufficient to preclude the direction of a verdict in his favor. The trial court committed reversible error in so directing.

Reversed. No costs.