MARLEY v HURON VALLEY MEN'S FACILITY WARDEN

Docket No. 88488. Submitted June 3, 1987, at Lansing. Decided December 9, 1987.

Maris Marley brought an action in Washtenaw Circuit Court against William Grant, the supervisory warden of the Huron Valley Men's Facility, and Michael Klein and Ken Scott, prison guards at the same facility. Plaintiff alleged negligence by defendants arising out of an incident wherein a prisoner who was being transported from the prison to the Washtenaw County courthouse escaped from a prison van, broke into plaintiff's home, and seriously injured her. Plaintiff also alleged that the guards' actions, as they relate to the prison van, were exempted from governmental immunity under the statutory exception for the negligent operation of a motor vehicle. The trial court, Edward D. Deake, J., granted summary judgment in favor of defendants, ruling that plaintiff had failed to state a claim upon which relief can be granted because defendants were entitled to governmental immunity. Plaintiff appealed.

The Court of Appeals *held:*

1. Defendant Grant, as a lower-level governmental official, and defendants Klein and Scott, as governmental employees, are entitled to governmental immunity upon a showing that they were performing discretionary, as opposed to ministerial, acts. No such showing was made by defendants and the trial court therefore erred in ruling that defendants were immune from liability.

2. The motor vehicle exception to governmental immunity applies only where an injury results from the negligent operation by a governmental officer, agent or employee of a motor vehicle owned by a governmental agency. The exception does

REFERENCES

Am Jur 2d, States, Territories, and Dependencies §§ 99 *et seq.*

Am Jur 2d, Summary Judgment §§ 13-15, 32.

Sufficiency of showing, under Rule 56(f) of Federal Rules of Civil Procedure, of inability to present by affidavit facts justifying opposition to motion for summary judgment. 47 ALR Fed 206.

State's immunity from tort liability as dependent on governmental or proprietary nature of function. 40 ALR2d 927.

not apply in this case since plaintiff did not allege that negligent operation of the van was involved in the prisoner's escape.

Affirmed in part, reversed in part and remanded.

D. F. WALSH, P.J., concurred in result only.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — FAILURE TO STATE A CLAIM — COURT RULES.

A motion for summary disposition for failure to state a claim upon which relief can be granted tests the legal sufficiency of the pleadings; a court must accept as true all well-pled factual allegations as well as any conclusions which can reasonably be drawn therefrom and grant the motion only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery (MCR 2.116[C][8]).

2. GOVERNMENTAL IMMUNITY — TORT LIABILITY — LOWER-LEVEL OFFICIALS.

Lower-level governmental officials, employees and agents are immune from tort liability only when they are (1) acting during the course of their employment or reasonably believe they are acting within the scope of their authority, (2) acting in good faith, and (3) performing discretionary, as opposed to ministerial, acts.

*Terrance E. Klump,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *John M. Cahill,* Assistant Attorney General, for defendants.

Before: D. F. WALSH, P.J., and CYNAR and R. L. TAHVONEN,* JJ.

CYNAR, J. Plaintiff Maris Marley appeals as of right from an order granting summary disposition in favor of defendants on the basis of governmental immunity, MCR 2.116(C)(7). We reverse.

Defendants are employed at the Huron Valley Men's Facility. Defendant William Grant is the supervisory warden at the facility while defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dants Michael Klein and Ken Scott are employed as corrections specialists (guards).

The instant suit arose as a result of an alleged assault upon plaintiff by a Huron Valley prisoner named Kyle Johnson on October 22, 1982. The attack occurred while the prisoner was being escorted from the prison to the Washtenaw County courthouse. The prisoner escaped while the van was being unloaded at the courthouse, broke into plaintiff's home and physically attacked her by blows to the face and head causing plaintiff serious injuries.

As a result, on December 22, 1982, plaintiff initiated the instant suit. Count I of her third amended complaint alleged negligence on the part of Warden Grant due to his (1) failure to assign sufficient guards to secure the transport operation, (2) failure to train the guards in the necessary transportation procedure, (3) failure to establish rules for such a procedure, (4) insufficient supervision of the personnel involved, and (5) decision to transport the instant prisoner to the court hearing rather than holding the hearing in prison.

Count II charged guards Klein and Scott with negligence in failing to safely transport the prisoner. Count III alleged that the guards' activity constituted a statutory exception to governmental immunity on the basis that plaintiff's injuries arose from their negligent operation of the van by failing to confine the prisoner, MCL 691.1405; MSA 3.996(105).

On May 23, 1983, instead of filing an answer, defendants filed a motion for summary judgment under GCR 1963, 117.2(1), now MCR 2.116(C)(8), on the basis of governmental immunity. The trial court granted defendants' motion on April 10, 1984. Subsequently, on May 3, 1984, plaintiff filed

a motion for reconsideration, which was denied on October 16, 1985.

Plaintiff raises three issues. She argues that the trial court erred in finding Warden Grant's conduct discretionary and therefore immune from tort liability. Secondly, she claims that the guards' transportation of the prisoner was nondiscretionary and, thus, not immune from liability. Finally, since defendants Klein and Scott were transporting the prisoner in a van, the motor vehicle exception to immunity, MCL 691.1405; MSA 3.996(105), applies. We address each of plaintiff's claims.

A motion for summary disposition pursuant to MCR 2.116(C)(8) tests only the legal sufficiency of the pleadings. The court must accept as true all well-pled factual allegations as well as any conclusions which can reasonably be drawn therefrom. The court may grant the motion only when the claim, on the pleadings alone, is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. *Abel v Eli Lilly & Co,* 418 Mich 311, 323; 343 NW2d 164 (1984), reh den 419 Mich 1201 (1984), cert den sub nom *E R Squibb & Sons, Inc v Abel,* 469 US 833; 105 S Ct 123; 83 L Ed 2d 65 (1984); *Stewart v Isbell,* 155 Mich App 65, 74; 399 NW2d 440 (1986). Where immunity from suit is at issue, the complaint must plead facts in avoidance of immunity. *McCann v Michigan,* 398 Mich 65, 77; 247 NW2d 521 (1976).

The trial court granted defendants summary disposition on pre-*Ross v Consumers Power (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984), case law governing individual immunity. The trial court found with respect to Count I as to Warden Grant that the training, supervision and assignment of employees was clearly discretionary. Likewise, as to defendants Klein and Scott, their deci-

sions concerning how to transport the prisoner were also discretionary. Thus, the trial court concluded that defendants were immune. We will apply the *Ross* test for purposes of the instant appeal.

In *Ross, supra,* pp 633-634, the Supreme Court set forth the standard for determining whether a public employee is entitled to immunity. The Court held that judges, legislators, and the highest executive officials of all levels of government possess absolute immunity from tort liability whenever they are acting within their judicial, legislative, or executive authority. Lower level officials, employees and agents are immune only when they are (1) acting during the course of their employment or reasonably believe they are acting within the scope of their authority, (2) acting in good faith, and (3) performing discretionary, as opposed to ministerial acts. *Id.*

In our opinion, Warden Grant is not entitled to absolute immunity. Although he holds a position of significant importance, his position is not that of a high executive official as defined in *Ross, supra.* Thus, our inquiry will focus on whether defendant Grant is immune under the test for lower level officials.

In Count i of plaintiff's amended complaint, she alleges that the duties performed by Grant are ministerial in nature. In *Ross, supra,* pp 634-635, the Supreme Court defined "discretionary" and "ministerial" acts as follows:

> "Discretionary" acts have been defined as those which require personal deliberation, decision, and judgment. Prosser, [Torts (4th ed)] § 132, p 988. This definition encompasses more than quasi-judicial or policy-making authority, which typically is granted only to members of administrative tribu-

nals, prosecutors, and higher level executives. However, it does not encompass every trivial decision, such as "the driving of a nail," which may be involved in performing an activity. For clarity, we would add the word "decisional" so the operative term would be "discretionary-decisional" acts.

"Ministerial" acts have been defined as those which constitute merely an obedience to orders or the performance of a duty in which the individual has little or no choice. *Id.* We believe that this definition is not sufficiently broad. An individual who decides whether to engage in a particular activity and how best to carry it out engages in discretionary activity. However, the actual execution of this decision by the same individual is a ministerial act, which must be performed in a nontortious manner. In a nutshell, the distinction between "discretionary" and "ministerial" acts is that the former involves significant decision-making, while the latter involves the execution of a decision and might entail some minor decision-making. Here too, for clarity, we would add the word "operational" so the operative term would be "ministerial-operational" acts.

In *Young v Ann Arbor (On Remand),* 147 Mich App 333, 335-336; 382 NW2d 785 (1985), lv den 425 Mich 862 (1986), this Court held that an executive official is subject to tort liability for negligent implementation of established policies and practices, even though the promulgation of those rules may entail sufficient deliberation on the part of that official to grant him or her immunity as to the promulgation itself.

We conclude that the trial court erred by granting summary disposition on Count I of plaintiff's third amended complaint. The trial court, without the benefit of further evidence, prematurely decided that Grant's activities were discretionary. Defendants did not submit any supporting facts to show that Warden Grant's functions were discre-

tionary. We do not believe that plaintiff's claim is so unenforceable as a matter of law that no factual development could possibly justify a right to recovery.

Defendants did not present any evidence indicating the existence of previously adopted operational procedures regarding the transport of prisoners or the manner in which personnel were trained and supervised. On the pleadings alone, plaintiff has stated a claim against defendant Grant.

Similarly, plaintiff has stated a claim against defendants Klein and Scott regarding their alleged negligence in failing to safely transport the prisoner. Defendants did not present facts showing standardized regulations for the transport of prisoners. Thus, it was improper for the lower court to determine that their activities were discretionary.

However, we wish to point out that these defendants are in no way precluded from later filing a summary disposition motion pursuant to MCR 2.116(C)(10) with the proper supporting documents in order to show no genuine issue of material fact. At that time, the trial court will be in a better position to decide if defendants' activities were discretionary or ministerial.

Finally, the motor vehicle exception to governmental immunity, MCL 691.1405; MSA 3.996(105), is inapplicable. This exception applies only where there is injury "resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner." MCL 691.1405; MSA 3.996(105).

In *Peterson v Muskegon Co Bd of Road Comm'rs,* 137 Mich App 210, 214; 358 NW2d 28 (1984), this Court affirmed the trial court's grant of summary disposition in favor of defendants where plaintiff's complaint alleged that snowplowing was

negligently performed and not that the snowplow was negligently operated.

Similarly, in this case, plaintiff did not allege that the negligent operation of the van was involved in the prisoner's escape. At best, the van was a place of confinement when the prisoner escaped. Hence, we find no error.

Affirmed in part, reversed in part and remanded.

D. F. WALSH, P.J., concurred in result only.