KIRSCHNER v CARNEY-NADEAU PUBLIC SCHOOLS

Docket No. 102529. Submitted October 6, 1988, at Marquette. Decided February 6, 1989. Leave to appeal applied for.

Richard Kirschner and Ingrid Kirschner, individually and as next friend of their son Richard Kirschner, Jr., brought an action in the Manistee Circuit Court against the Carney-Nadeau Public Schools, school superintendent Leno R. Pieropon, school principal Howard Busch, and playground supervisor Janette Neece. Plaintiffs alleged that their son, a student in the Carney-Nadeau Public Schools, suffered nearly fatal injuries after being roughhoused by other students during playground activities at his school. Plaintiffs alleged that defendants Pieropon and Busch were negligent in failing to take appropriate actions to stop dangerous playground activities known to them and in failing to properly monitor the performance of defendant Neece. Defendants Pieropon and Busch moved for summary disposition on the basis of governmental immunity. The trial court, Francis D. Brouillette, J., denied the motion. Defendants Pieropon and Busch sought and were granted leave to appeal.

The Court of Appeals *held:*

1. The trial court did not err in ruling that absolute immunity does not extend to defendant Pieropon's actions in his capacity as school superintendent. Absolute immunity from liability for negligence may properly be claimed by high executive officials who enjoy broad-based jurisdiction or wield extensive authority, but not by officials such as Pieropon whose policy-making decisions have no substantial impact on the public in general.

2. The trial court erred in ruling that defendants Pieropon and Busch are not entitled to limited immunity as lower-level public employees. Lower-level employees are immune from tort liability where, as here, they are: (1) acting during the course of

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 42 *et seq.*, 518 *et seq.*, 633-635.

Personal liability of public school executive or administrative officer in negligence action for personal injury or death of student. 35 ALR4th 272.

their employment and are acting, or reasonably believe they are acting, within the scope of their authority; (2) acting in good faith; and (3) performing discretionary, as opposed to ministerial acts.

Reversed.

1. GOVERNMENTAL IMMUNITY — SCHOOL DISTRICT SUPERINTENDENTS — ABSOLUTE IMMUNITY.

Absolute immunity from liability for negligence may be claimed by high executive officials who enjoy broad-based jurisdiction or wield extensive authority; a school district superintendent may not claim such immunity since his policy-making decisions have no substantial impact on the public in general.

2. GOVERNMENTAL IMMUNITY — SCHOOL ADMINISTRATORS — LIMITED IMMUNITY.

A public school administrator, when setting policy concerning the supervision of students during school activities, is engaged in a discretionary act for which he may claim limited immunity from liability for negligence.

*Barstow, Selsor & Hoffman, P.C.* (by *L. Grant Selsor*), for plaintiffs.

*David J. Lori, P.C.* (by *Daniel M. Jaspen*), for defendants Pieropon and Busch.

Before: GRIBBS, P.J., and CYNAR and J. T. KALLMAN,* JJ.

J. T. KALLMAN, J. Defendants Leno R. Pieropon and Howard Busch appeal by leave granted from a lower court order denying their motion for summary disposition. We reverse.

Plaintiffs Richard and Ingrid Kirschner, alleged that on November 5, 1984, their son, Richard Kirschner, Jr., was injured on the playground of the Carney-Nadeau Public Schools during playground activity known as "queer smear," the object of which was for a group of boys to single out, chase, tackle, and jump on one boy. Plaintiffs

---

* Circuit judge, sitting on the Court of Appeals by assignment.

alleged that their son suffered nearly-fatal injuries and permanent damage because of this activity, including diminished mental capacity and motor ability. Plaintiffs also alleged that their son had suffered less severe injuries as a victim of the same activity approximately 1½ years earlier.

Plaintiffs filed a complaint alleging theories of negligence and respondeat superior against the Carney-Nadeau Public Schools for failing to maintain a safe playground for children, to provide a sufficient number of trained personnel to supervise playground activities, and to prohibit all violent playground activities known to them which could result in injury to children, including queer smear. Plaintiffs also alleged negligence against defendant Pieropon, superintendent of the Carney-Nadeau Public Schools, and defendant Busch, the school principal, for failing to take appropriate action to stop queer smear or to monitor the performance of Janette Neece, the playground supervisor.

Defendants moved for summary disposition on the basis of governmental immunity and individual immunity. Defendant Pieropon asserted that, as the highest executive official of the Carney-Nadeau Schools, he was entitled to absolute immunity from tort liability. Both defendant Pieropon and defendant Busch argued that they were entitled to limited immunity from tort because their action in determining how to supervise students on the playgrounds was discretionary.

The trial court granted summary disposition in favor of the school, but denied it as to the other defendants. Defendants Pieropon and Busch sought leave to appeal because there was not yet a final judgment in this case, and they are the only defendants interested in this appeal.

A motion for summary disposition brought under MCR 2.116(C)(8) tests the legal basis of the

complaint, not whether factual support exists. The motion is to be judged by reliance on the pleadings alone and may not be granted unless a claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Brown v Northville Regional Psychiatric Hospital,* 153 Mich App 300, 303; 395 NW2d 18 (1986). First, defendant Pieropon argues that he is entitled to absolute immunity as the highest executive official in the Carney-Nadeau Public Schools. We disagree.

Absolute immunity from tort liability is awarded to select employees with policy-making powers: "judges, legislators, and the highest executive officials of all levels of government are absolutely immune from all tort liability whenever they are acting within their judicial, legislative, or executive authority." *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 633; 363 NW2d 641 (1984), reh den sub nom *Zavala v Zinser,* 421 Mich 1202 (1985).

We are not persuaded that defendant Pieropon is the type of official who can claim absolute immunity from tort liability under *Ross.* In *Meadows v Detroit,* 164 Mich App 418, 427; 418 NW2d 100 (1987), lv den 430 Mich 883 (1988), this Court held that a chief of police was entitled to absolute immunity. However, this Court has also held that a prison warden is not a high executive official entitled to absolute immunity under *Ross. Marley v Huron Valley Men's Facility Warden,* 165 Mich App 78, 82; 418 NW2d 430 (1987).

Clearly, to be afforded the protection intended for high executive officials, the official must enjoy broad-based jurisdiction or wield extensive authority similar to that of a judge or administrator. A chief of police, as in *Meadows, supra,* affects all the citizenry with his or her policy-making deci-

sions. However, the policy-making decisions of a prison warden, as in *Marley, supra,* do not have a substantial impact on the public in general. A school superintendent does not make policy decisions similar to those made by a judge, legislator, or mayor. For this reason, we hold that the *Ross* Court did not intend to extend absolute immunity to officials such as defendant Pieropon, and that the trial court properly denied his motion for summary disposition on that basis.

Next, defendants Pieropon and Busch argue that they are entitled to governmental immunity on the ground that the actions in setting policy concerning the supervision of the students on the playground was discretionary. We agree.

Lower-level public employees are entitled to limited immunity where they are:

  1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority;
  2) acting in good faith; and
  3) performing discretionary, as opposed to ministerial acts. [*Ross, supra,* pp 633-634.]

It is not disputed that defendants were acting within the scope of their authority and exercising good faith.

Discretionary acts are those that require personal decision-making. Employees should feel that they are able to exercise this discretion without fearing tort liability. Conversely, ministerial acts are those that require minimal decision-making. *Ross, supra,* pp 634-635.

The supervision of students in the classroom or during other school activities by a teacher or other school employee is a ministerial act and is not entitled to immunity. *Ross, supra,* p 651. The

distinction between a discretionary or ministerial activity is that the former involves significant decision-making, and the latter involves the execution of a decision and might entail some minor decision-making. *Ross, supra,* p 635. This Court has held that a school administrator's setting of a policy concerning how to supervise students during school activities is a discretionary act entitled to individual immunity. *Eichhorn v Lamphere School Dist,* 166 Mich App 527, 540; 421 NW2d 230 (1988).

Therefore, the trial court erred by denying defendants Pieropon's and Busch's motions for summary disposition. Plaintiffs' complaint alleged liability against these defendants for failure to set a policy regarding supervision of playground activities which would prohibit dangerous games such as queer smear. As we stated in *Eichhorn, supra,* this is a function that involves significant decision-making and is therefore discretionary. Accordingly, defendants Pieropon and Busch are entitled to limited immunity, and the trial court erred by denying their motion for summary disposition.

When this Court granted defendants leave to appeal we directed the parties to address whether an exception to individual immunity exists for intentional torts. However, on review we find that plaintiffs have not alleged an intentional tort against defendants Pieropon and Busch. An intentional tort occurs where the actor intended the act that caused the injury and knew that the injury was substantially certain to occur. *Beauchamp v Dow Chemical Co,* 427 Mich 1, 22; 398 NW2d 882 (1986). More than a mere allegation of intentional tort is needed to defeat governmental immunity. *Justice v Michigan,* 145 Mich App 352, 360; 377 NW2d 417 (1985), vacated in part on other grounds 425 Mich 867 (1986). Plaintiffs alleged that defendants Pieropon and Busch failed to take appropri-

ate steps to end the violent playground activity known as queer smear and failed to properly monitor and observe the performance of supervisors. These allegations are acts of omission, and therefore not intentional torts. Therefore it is not necessary to address the issue of whether an intentional tort exception exists in the instant case.

We find that the trial court erred by denying defendants Pieropon's and Busch's motion for summary disposition. This matter is therefore reversed, with the trial court directed to enter summary disposition in favor of those defendants.

Reversed.