FALER v LENAWEE COUNTY SHERIFF

Docket No. 93013. Submitted April 15, 1987, at Lansing. Decided July 6, 1987. Leave to appeal applied for.

Terry L. Faler, an inmate at the Lenawee County Jail, and his eight-year-old daughter, Deidra L. Faler, brought an action in Lenawee Circuit Court against the Lenawee County Sheriff, Lenawee County Jail, and the Lenawee County Jail Commander. Plaintiffs alleged that defendants' policies of not allowing jail visits by persons between the ages of one year and sixteen years unless special permission is obtained and not allowing any physical contact between inmate and visitor during visits constituted negligence, violated the Civil Rights Act, denied plaintiffs' First Amendment right of association, violated the Equal Protection Clause of the Fourteenth Amendment and constituted a cause of action under 42 USC 1983. The trial court, John C. Timms, J., granted summary disposition in favor of defendants, ruling that plaintiffs had failed to state a claim upon which relief could be granted. Plaintiffs appealed.

The Court of Appeals *held:*

1. The associational rights protected by the First Amendment involve the right to associate ideologically. Visitation with a prisoner by his friends and family are not part of those associational rights.

2. Defendants' restriction on visitation on the basis of a visitor's age was rationally related to the county's interest in maintaining safety and security within the jail for prisoners

REFERENCES

Am Jur 2d, Civil Rights § 1.

Am Jur 2d, Constitutional Law §§ 457, 550, 746 *et seq.*, 770.

Am Jur 2d, Penal and Correctional Institutions §§ 45, 50.

Denial to incarcerated persons of contact visits as violation of federal constitutional rights. 82 L Ed 2d 1006.

Supreme Court's construction of Civil Rights Act of 1871 (42 USCS § 1983) providing private right of action for violation of federal rights. 43 L Ed 2d 833.

Right of jailed or imprisoned parent to visit from minor child. 15 ALR4th 1234.

See also the annotations in the Index to Annotations under Prisons and Prisoners.

and visitors alike. Thus, plaintiffs' equal protection claim was found to be without merit.

3. Plaintiffs' claim under 42 USC 1983 must fail since plaintiffs failed to establish a violation of their rights under either the First or Fourteenth Amendment.

4. Defendants are immune from plaintiffs' negligence claim under the doctrine of governmental immunity.

Affirmed.

1. CIVIL RIGHTS — CONSTITUTIONAL LAW.

A party must present proof of deprivation of a right guaranteed by the constitution or laws of the United States in order to maintain a claim for a civil rights violation under 42 USC 1983.

2. CONSTITUTIONAL LAW — RIGHT OF ASSOCIATION — PRISONS AND PRISONERS.

The associational rights protected by the First Amendment involve the right to associate ideologically; visitation with a prisoner by his friends and family are not part of those associational rights (US Const, Am I).

3. PRISONS AND PRISONERS — VISITATION PRIVILEGES.

Visitation privileges are a matter subject to the discretion of prison officials.

4. PRISONS AND PRISONERS — RESTRICTIONS ON FIRST AMENDMENT RIGHTS — JUDICIAL REVIEW.

A court, when reviewing a restriction placed on a prisoner's First Amendment rights, determines whether the restriction in question is reasonably related to prison security.

5. CONSTITUTIONAL LAW — EQUAL PROTECTION.

Absent a fundamental right or suspect classification, a classification does not violate equal protection guarantees if it has a rational basis.

6. PRISONS AND PRISONERS — RESTRICTIONS ON VISITATION — CONSTITUTIONAL LAW — EQUAL PROTECTION.

A county jail's policy of not permitting visitation by a child between the ages of one and sixteen years unless special permission is obtained does not violate the Equal Protection Clause where the policy is rationally based upon the jail's interest in maintaining safety and security within the jail for prisoners and visitors.

*Chard & Greenfield* (by *Marsha R. Greenfield*), for plaintiffs.

*Harvey A. Koselka, P.C.* (by *Harvey A. Koselka*), for defendants.

Before: CYNAR, P.J., and SHEPHERD and B. A. JASPER,* JJ.

PER CURIAM. Plaintiffs Terry L. Faler and his daughter, Deidra L. Faler, appeal as of right the dismissal of their complaint against defendants Lenawee County Sheriff, Lenawee County Jail, and Lenawee County Jail Commander, pursuant to MCR 2.116(C)(8), for failure to state a claim upon which relief could be granted.

The issue in this case is whether a refusal to allow contact during jail visitation violated the constitutional rights of Terry L. Faler, a convicted felon, and Deidra L. Faler, his eight-year-old daughter.

Visitation at the Lenawee County Jail consists of noncontact visits during which the prisoner stands in a small room and speaks through a telephone to his visitor, whom the prisoner can see on the other side of a small window. The visitor is not enclosed in a room but stands along a corridor lined with "visitation stations." For at least ten years prior to August 17, 1983, the jail's visitation policy placed no restriction on the age of the visitors. On August 17, 1983, the jail adopted a new policy denying jail visits to persons between the ages of one year and sixteen years unless special permission was obtained from the jail administration. The new visitation policy was instituted because young children were disrupting the jail by crying, screaming and running up and down the hallway along which the visitation stations were located. In addition, the children's con-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

duct also created a potential liability problem for the county were injuries to occur as a result of falls or other accidents. The policy was in effect between August 17, 1983, and October 25, 1983. After October 25, 1983, the county jail changed the policy concerned with handling disruptive conduct by requiring supervision of small children.

On August 21, 1983, plaintiff Terry L. Faler began serving a jail sentence at the Lenawee County Jail. His daughter, Deidra, was eight years old at the time. On August 29, 1983, Deidra and Terry's fiancee, Brenda Rogers, went to visit him at the county jail. Deidra was not allowed to see her father. Plaintiffs claim that none of the jail personnel on duty knew anything about any procedure to obtain special permission other than that the jail commander screened all requests. From his contacts with several deputies, Terry Faler had the impression that any attempts would be futile. One deputy did tell Faler that he could write a "kite" but the deputy specified nothing concerning the content or form of the kite, or to whom it should be directed. However, during all of his incarceration, Terry L. Faler was permitted to have and did have telephone communication with Deidra Faler. Plaintiffs do not claim that they ever submitted a request to the jail commander or that he denied special permission.

According to defendants, inmate visitation rules were posted within the cell blocks. The rules of visitation could be altered for the individual inmate with approval of the jail administrator.

On November 3, 1983, plaintiffs filed an action for damages against defendants, claiming that defendants negligently denied plaintiffs the right to reasonable visitation. In addition, plaintiffs claimed that defendants had violated the Michigan Civil Rights Act. Later, plaintiffs filed a first

amended complaint. In addition to the negligence claim alleged in their original complaint, plaintiffs alleged that defendants' visitation policy violated their right to association guaranteed by the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. In addition, plaintiffs claimed that defendants had denied them their civil rights guaranteed by the Fourteenth Amendment and 42 USC 1983.

On January 2, 1985, plaintiffs filed a motion for partial summary judgment pursuant to GCR 1963, 117.2(2) and (3), now MCR 2.116(C)(9) and (10). On February 25, 1985, the trial court denied plaintiffs' motion, stating that defendants might have a valid defense because there was a question of fact as to whether or not visitation had occurred in spite of the jail's visitation policy. In addition, the trial judge denied plaintiffs' motion because plaintiffs had not filed the proper affidavits to support the motion. However, the trial judge indicated that, if the proper affidavits were filed, he would reconsider plaintiffs' motion. On July 12, 1985, plaintiffs filed the affidavits and a motion for reconsideration.

On January 10, 1986, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(8), alleging that plaintiffs had failed to state a claim upon which relief could be granted. On February 26, 1986, the trial judge filed a written opinion denying plaintiffs' motion and granting defendants' motion. The trial judge ruled that defendants were immune from liability for plaintiffs' negligence claims. In addition, he found that plaintiffs had no constitutionally guaranteed right under the First and Eighth Amendments to contact visitation and that the visitation restrictions in the county jail were reasonable and rational. Therefore, the trial judge concluded that

there was no violation of the Equal Protection Clause of the Fourteenth Amendment or 42 USC 1983.

On April 30, 1986, the trial judge filed a written opinion in which he reconsidered his February 26, 1986, opinion granting defendants' motion for summary disposition. In his second opinion, the trial judge noted that the jail did not allow contact visitation. He specifically considered whether the jail's restrictions on visitation by children between the ages of one and sixteen years violated the First and Fourteenth Amendments and 42 USC 1983. He again concluded that the jail's visitation policy did not deprive plaintiffs of a constitutionally guaranteed right and therefore did not violate 42 USC 1983.

A motion for summary disposition based on failure to state a claim tests the legal sufficiency of the complaint. MCR 2.116(C)(8). The reviewing court must rely on the pleadings alone and assume that the factual allegations in the complaint are true along with any inferences which may be drawn from those facts. The motion should be granted only when the claim is so unenforceable as a matter of law that no factual development could possibly justify a right to recovery. *Bradford v Michigan,* 153 Mich App 756, 761; 396 NW2d 522 (1986).

In order to maintain a claim for a civil rights violation under 42 USC 1983, proof of deprivation of a right guaranteed by the constitution or laws of the United States is required. See *Oklahoma City v Tuttle,* 471 US 808; 105 S Ct 2427; 85 L Ed 2d 791 (1985). The trial court noted that any claim under 42 USC 1983 must fail unless there has been a violation of plaintiffs' rights under the First or Fourteenth Amendments as alleged in their complaint.

Plaintiffs' First Amendment claim is grounded in their right to freedom of association protected by that amendment. However, in *Thorne v Jones,* 765 F2d 1270, 1273 (CA 5, 1985), reh den 772 F2d 904 (1985), cert den — US —; 106 S Ct 1199; 89 L Ed 2d 313 (1986), a case relied on by defendants and the trial judge, the court noted that the associational rights protected by the First Amendment involve the right to associate ideologically. Visitation with a prisoner by his friends and family are not part of those associational rights. The *Thorne* court, quoting from *Jones v North Carolina Prisoners' Labor Union, Inc,* 433 US 119, 125-126; 97 S Ct 2532; 53 L Ed 2d 629 (1977), noted that incarceration itself restricts a prisoner's right to association:

> The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment, which are implicit in incarceration. . . . Perhaps the most obvious of the First Amendment rights that are necessarily curtailed by confinement are those associational rights that the First Amendment protects outside of prison walls. The concept of incarceration itself entails a restriction on the freedom of inmates to associate with those outside the penal institution.

The restriction of a prisoner's associational right is the result of "a proceeding conducted according to the strictest of due process: a criminal trial." *Thorne,* 765 F2d 1274.

The federal courts have held that visitation privileges are a matter subject to the discretion of prison officials. See *Block v Rutherford,* 468 US 576; 104 S Ct 3227; 82 L Ed 2d 438 (1984); *Jones v Diamond,* 636 F2d 1364, 1376-1377 (CA 5, 1981); *McCray v Sullivan,* 509 F2d 1332, 1335 (CA 5,

1975), cert den 423 US 859; 96 S Ct 114; 46 L Ed 2d 86 (1975). Relying on *Block, supra,* and *Bell v Wolfish,* 441 US 520; 99 S Ct 1861; 60 L Ed 2d 447 (1979), the *Thorne* court noted that the standard for reviewing a restriction placed on a prisoner's First Amendment rights is whether the restriction in question is reasonably related to prison security.

In the instant case, the type of association sought by plaintiff Terry Faler with his daughter is not one of the associational rights protected by the First Amendment. *Thorne, supra.* Even if the right to visitation were protected, the age restriction imposed by defendants' temporary visitation policy was reasonably related to maintaining security and safety in the jail. The decision to impose the restriction appears to have been a rational response to the problems caused by unsupervised children during the visitation periods. In our opinion, plaintiffs' First Amendment rights were not violated.

The instant case is factually distinguishable from *O'Bryan v Saginaw Co,* 437 F Supp 582 (ED Mich, 1977), 446 F Supp 436 (ED Mich, 1978), and 529 F Supp 206 (ED Mich, 1981), aff'd 741 F2d 283 (CA 6, 1984), upon which plaintiffs rely. The initial *O'Bryan* case was commenced as a class action by jail inmates for declaratory and injunctive relief, claiming numerous alleged unconstitutional jail practices and procedures. Noncontact visitation was among the many practices and procedures challenged. In the 1981 case, the court observed that prison confinement entails, out of necessity, experiencing certain discomforts. Denial of contact visitation caused inmates certain discomforts. However, since such discomforts resulted from legitimate penal regulations, they were constitutionally valid.

Absent a fundamental right or suspect classification, a classification does not violate equal protection guarantees if it has a rational basis. *In re Contempt of Stone,* 154 Mich App 121, 127; 397 NW2d 244 (1986). Although certain parental rights have been deemed to be fundamental liberties, such as the right to raise children, *Meyer v Nebraska,* 262 US 390, 399; 43 S Ct 625; 67 L Ed 1042 (1923); *Reist v Bay Circuit Judge,* 396 Mich 326, 348; 241 NW2d 55 (1976), we find no authority for the proposition that a parent and child have a fundamental right to visitation without restrictions when the parent is an imprisoned felon. Furthermore, there seems to be no authority showing that age is a suspect classification for the purpose of an equal protection analysis. Therefore, the rational basis test should be used to review defendants' temporary visitation policy. *Stone, supra.*

In the instant case, plaintiffs' claim that Deidra was denied equal protection of the law under the Fourteenth Amendment fails because defendants' age restriction in its temporary jail visitation policy was rationally related to the county's interest in maintaining safety and security within the jail for prisoners and visitors alike. Denial of equal protection of the laws did not occur in this case.

Because the age restriction and defendants' temporary jail visitation policy did not violate plaintiffs' rights as protected by the First and Fourteenth Amendments, plaintiffs' claim under 42 USC 1983 must fail. *Oklahoma City, supra.* Consequently, plaintiffs failed to state a claim upon which relief could be granted. Since no factual development could possibly support a right to recovery, the trial court properly granted defendants' motion pursuant MCR 2.116(C)(8). *Bradford, supra.*

Additionally, we agree with the trial court's ruling that plaintiffs' negligence claims were properly dismissed for reasons of governmental immunity. See *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984).

Affirmed.