ELECTRO-TECH, INC v H F CAMPBELL COMPANY

Docket No. 86471. Submitted March 10, 1987, at Detroit. Decided July 20, 1987. Leave to appeal applied for.

Electro-Tech, Inc., brought an action in the Wayne Circuit Court against H. F. Campbell Company and the City of Westland. Plaintiff had engaged Campbell to build additional manufacturing facilities at its plant site in Westland. However, a site plan submitted by Campbell for review by the city planning commission and approval by the city council was not approved when plaintiff refused to meet one of the contingencies set by the city council, i.e., dedication to the city of a twenty-seven foot strip of land adjacent to the building site. Consequently, plaintiff was unable to increase its production as anticipated, causing plaintiff to forego bidding on several contracts and causing plaintiff to subcontract part of its production to meet contract deadlines. Plaintiff eventually settled its claims against Campbell. Claims for violations of state laws by the remaining defendant, City of Westland, were dismissed by the trial court, William J. Giovan, J., on the basis of governmental immunity and trial proceeded on plaintiff's claim under 42 USC 1983. Plaintiff contended that the city's refusal to issue a building permit was in violation of the United States Constitution and federal law. Judgment in the sum of $433,052 was entered in favor of plaintiff in accordance with the jury's verdict. Defendant city appealed.

The Court of Appeals *held:*

1. Two elements are essential to a cause of action under 42 USC 1983: (1) the conduct complained of must have been carried out under color of state law; and (2) the conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the federal constitution or laws. In this case, the first requirement was met, but not the second one. The rejection of plaintiff's proposed development on the basis of plaintiff's failure to meet a requirement which was beyond the city's authority to make was not a denial of plaintiff's right to due process of law or any other right secured by the United States

REFERENCES

Am Jur 2d, Civil Rights §§ 16-21.
See the annotations in the Index to Annotations under Civil Rights.

Constitution and does not state a cause of action under 42 USC 1983.

2. There were other adequate remedies under state law plaintiff could have availed itself of but did not including a writ of mandamus against defendant in circuit court, an appeal to the zoning board of appeals pursuant to a Westland zoning ordinance, and an appeal in circuit court from any final decision by the zoning board of appeals. These remedies would not have been barred by governmental immunity. Thus, the trial court should have granted defendant's motion for summary disposition of plaintiff's 42 USC 1983 claim.

Reversed.

1. CIVIL RIGHTS — ACTIONS UNDER 42 USC 1983.

Two elements are essential to a cause of action under 42 USC 1983: (1) the conduct complained of must have been carried out under color of state law; and (2) the conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the federal constitution or laws.

2. CIVIL RIGHTS — ACTIONS UNDER 42 USC 1983 — ZONING.

A cause of action under 42 USC 1983 for the violation under color of state law of rights, privileges, or immunities secured by the federal constitution or laws is not stated by a plaintiff, whose application with a municipal zoning board for a development's site plan approval and building permit was denied on the basis of plaintiff's failure to meet a requirement which was beyond the municipality's authority to make, where other remedies under state law, such as a writ of mandamus in circuit court, an appeal to the zoning board of appeals, and an appeal in circuit court from the final decision of the zoning board of appeals, were adequate to protect the plaintiff's property interests.

*Jackson & Laska, P.C.* (by *Wilson M. Jackson* and *George Laska*), for Electro-Tech, Inc.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Owen J. Cummings*), for the City of Westland.

Before: CYNAR, P.J., and WEAVER and M. H. CHERRY,* JJ.

PER CURIAM. Pursuant to a jury verdict, a judg-

* Circuit judge, sitting on the Court of Appeals by assignment.

ment in the sum of $433,052 was entered in favor of plaintiff Electro-Tech, Inc. Plaintiff's claim was brought under 42 USC 1983. Defendant City of Westland appeals as of right.

Jack Beauchamp is the president and sole stockholder of Electro-Tech, a Michigan corporation, located in the City of Westland along Newburgh Road. Electro-Tech manufactures electrical and electronics products, primarily as a contractor to the United States military.

In October, 1978, Electro-Tech contracted with H. F. Campbell, a defendant whose case was settled prior to trial. H. F. Campbell was to build additional manufacturing facilities at the Newburgh site and complete the building by February 13, 1979. A site plan was drawn up by Campbell and approved by Beauchamp.

In order to get a building permit, Campbell submitted the site plan for review by various city departments. The site plan would have to be approved by the city planning commission, which would then make a recommendation to the city council for final approval. A meeting of representatives from the city departments was held on February 21, 1979, to explain to Campbell what steps would be required for final approval of the building permit. This lawsuit turns on the city's requirement that Electro-Tech dedicate to the city a twenty-seven foot strip of land adjacent to Newburgh Road. If Electro-Tech did not dedicate this strip, it would not receive a permit to build the addition on the back portion of its lot.

Beauchamp learned of the dedication requirement through a letter to Campbell from the city, dated March 22, 1979. Beauchamp attended four or five city council meetings throughout the spring, objecting to the city's demand for the dedication. The city council approved the site plan

subject to five contingencies, all of which were met except for the dedication. At the June 11, 1979, hearing, Beauchamp again refused to dedicate the parcel as requested.

As a result of not obtaining approval of the site plan and subsequent building permit, Campbell could not proceed with construction of Electro-Tech's addition. Without the additional work space, Electro-Tech contended it could not bid on several anticipated proprietary-item contracts and was forced to subcontract work on existing contracts in order to meet government deadlines.

In October, 1979, the city sent Electro-Tech a letter offering to purchase the twenty-seven foot strip. Beauchamp refused the offer, feeling that the suggested price was too low and that selling the property would not help him obtain the building permit. The city began a condemnation action in Wayne Circuit Court in January, 1980. That action resulted in a consent judgment, by which Electro-Tech received four times the sum the city had offered in October.

Electro-Tech filed this action against the city on May 21, 1982, alleging violations of state and federal law, specifically, that the city unlawfully refused to grant the plaintiff a building permit. At a hearing on pretrial motions, the trial court dismissed Electro-Tech's state-law claims as barred by governmental immunity. Electro-Tech proceeded to trial on its claims under 42 USC 1983. Following the entry of the judgment based on the jury verdict, the city filed a motion for a judgment notwithstanding the verdict, which motion was denied.

Defendant raises four issues on appeal. We respond only to the following issue since it is dispositive of this appeal. Defendant argues that plaintiff should not have been permitted to proceed with

trial under § 1983, because plaintiff failed to exercise existing state remedies.

42 USC 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Two elements are essential to a cause of action under § 1983: (1) the conduct complained of must have been carried out under color of state law; and (2) the conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the federal constitution or laws. *Collier v City of Springdale,* 733 F2d 1311 (CA 8, 1984), cert den 469 US 857 (1984). The first requirement has been met here. We have difficulty, however, finding a constitutional right of which plaintiff has been deprived.

Plaintiff claims it was denied due process. A deprivation of a due process right, however, does not occur merely because a local planning board rejects a proposed development for erroneous reasons or makes demands exceeding its authority. In *Corder v City of Sherwood,* 579 F Supp 1042 (ED Ark, 1984), plaintiff sued the city under 42 USC 1983 alleging the defendant city's refusal to issue building permits resulted in a violation of plaintiff's constitutional rights under the Fourteenth

Amendment. In finding that the plaintiff failed to state a claim under § 1983, the court held:

> .[U]nder Arkansas law, the chancery courts have the power to review zoning decisions and grant relief when a zoning decision is arbitrary, capricious, or unreasonable. An appeal from an adverse decision could be pursued through the Arkansas state court system. Therefore, the plaintiffs' right to judicial review of a city council's decision by state courts affords them protection from arbitrary, capricious, or unreasonable action and therefore affords them due process, as well as equal protection. [579 F Supp at 1044.]

Likewise in *Chiplin Enterprises, Inc v City of Lebanon,* 712 F2d 1524 (CA 1, 1983), a real estate developer brought suit against the city and others for damages claimed for a five-year delay between application and grant of a building permit. The court ruled that no deprivation of a constitutional right occurred since the state court was available to correct the error.

Plaintiff claims that by imposing a condition for it to dedicate the twenty-seven foot strip in exchange for site plan approval and a building permit the city was practicing extortion and depriving plaintiff of the use of its property without due process of law. We find further reference to *Chiplin* instructive:

> [I]t is axiomatic that not every violation of a state statute amounts to an infringement of constitutional rights. *Paul v Davis,* 424 US 693, 700; 96 S Ct 1155, 1160; 47 L Ed 2d 405 (1976). The courts have rejected similar attempts to create a constitutional question out of a state law violation in the land use area. E.g., *Sucesion Suarez v Gelabert,* 701 F2d 231, 233 (CA 1, 1983); *Creative Environments [Inc v Estabrook,* 680 F2d 822, 833 (CA 1,

1982)]; *Couf v DeBlaker,* 652 F2d 585, 590, n 11 (CA 5, 1981), cert den 455 US 921 (1982); *Crocker v Hakes,* 616 F2d 237, 239, n 2 (CA 5, 1980). The claim that denial of the permit was improperly motivated, unsupported by an allegation of the deprivation of a specific constitutional right, simply raises a matter of local concern, properly and fully reviewable in the state courts. [712 F2d at 1527.]

Among the cases relied upon by plaintiff in support of its position is *Harrison v Springdale Water & Sewer Comm,* 780 F2d 1422 (CA 8, 1986). In *Harrison* landowners sued the city to recover damages for a discharge of sewage into their blueberry fields. In response the city offered to purchase the farm, threatening to condemn it if the offer was rejected. The eighth circuit held that the landowners could sue under § 1983 for violation of their First Amendment rights. *Harrison* is distinguishable because in that case the court found a violation of the plaintiff's First Amendment rights; in the instant case plaintiffs have shown no constitutional violation. No case cited by plaintiff held that the initial denial of a building permit for erroneous reasons constitutes a constitutional violation. We note also that the case of *Wilson v Beebe,* 743 F2d 342 (CA 6, 1984), cited by plaintiff was vacated in 1985 and after a hearing en banc the result was unfavorable to plaintiff's argument. *Wilson v Beebe,* 770 F2d 578 (CA 6, 1985).

Plaintiff also challenges defendant's claim on appeal that adequate state remedies were available to plaintiff since defendant successfully brought a motion for summary disposition of plaintiff's state-law claims on the basis of governmental immunity. The state claims dismissed because of governmental immunity were essentially tort claims geared toward recovery of damages. We are

not holding that plaintiff may not sue under § 1983 because state tort remedies are available. Rather we hold that no violation of constitutional or federal law exists where plaintiff has merely been erroneously denied initial site approval and a building permit by a city council. Plaintiff must look for a review of that decision within the state. It is a review of the city's decision and not tort remedies which we point out to plaintiff. Another case might be presented if plaintiff had been denied approval in retaliation for exercising his First Amendment rights or because of his race or religion, but denial of site approval, even erroneously or capriciously, does not raise a constitutional issue. State remedies are sufficient to take care of any error.

Remedies available included seeking a writ of mandamus against defendant in circuit court, *Bills v Grand Blanc Twp,* 59 Mich App 619; 229 NW2d 871 (1975), an appeal to the zoning board of appeals pursuant to Westland Zoning Ordinance No. 129, § 2504, or an appeal from the city's or zoning board of appeals' final decision under MCL 125.585; MSA 5.2935. Such actions would not have been barred by governmental immunity had plaintiff elected to pursue them. The above remedies could have adequately redressed the alleged deprivation of plaintiff's property interests.

Defendant's motion for summary disposition should have been granted. The trial court's decision to allow plaintiff to proceed on the § 1983 claim was erroneous.

Reversed.