BERLIN v SUPERINTENDENT OF PUBLIC INSTRUCTION

Docket Nos. 98770, 99409. Submitted October 13, 1988, at Detroit. Decided November 7, 1989.

> Plaintiff, Barry Berlin, a supervisor in a program for the severely mentally impaired operated under the auspices of the Oak Park Schools, brought an action in the Oakland Circuit Court alleging claims sounding in common-law tort and under 42 USC 1983, all relating to incidents of alleged conduct calculated to deter plaintiff from exercising his right to engage in free speech. Named as defendants were Phillip Runkel, Superintendent of Public Instruction for the State of Michigan, Leonard DeMak, Superintendent of the Oak Park Schools, Eric Follo, Assistant Superintendent of the Oak Park Schools, and Maxine Mays, Director of Special Education for the Oak Park Schools. The trial court, Fred M. Mester, J., granted motions for summary disposition by Runkel and the Oak Park defendants, ruling that plaintiff's claims for tortious interference with economic expectations, defamation, and intentional infliction of emotional distress were barred by defendants' executive-level official immunity and that plaintiff's § 1983 claim for infringement of free speech failed to allege a deprivation of a constitutional right. Plaintiff appealed from both orders of summary disposition and the Court of Appeals ordered the appeals consolidated.
>
> The Court of Appeals *held:*
>
> 1. The trial court properly found that defendant Runkel was entitled to summary disposition on plaintiff's three common-law tort claims and the § 1983 claim.
>
> 2. The circuit court erred in holding that the Oak Park defendants were entitled to absolute, executive-level immunity. The potential immunity of the Oak Park defendants must be

REFERENCES

Am Jur 2d, Civil Rights §§ 16, 19; Interference §§ 45-47; Libel and Slander §§ 407, 408, 415; Municipal, County, School, and State Tort Liability §§ 113, 116-120, 177, 179.

See the Index to Annotations under Color of Right, Title, and Office; Governmental Immunity or Privilege; Intentional, Wilful, and Wanton Acts; Interference or Obstruction; Libel and Slander; Schools and Education.

evaluated pursuant to the lower-level immunity test. The circuit court's grant of summary disposition cannot be affirmed pursuant to MCR 2.116(C)(7), and further development of the factual record in this regard is appropriate.

3. Plaintiff's claims of tortious interference with advantageous economic expectations and defamation should have been dismissed pursuant to MCR 2.116(C)(8) because they were unenforceable as a matter of law and no factual development could justify a right of recovery. Plaintiff's stipulation below to dismissal of the count for intentional infliction of emotional distress and the failure to pursue the theory on appeal prompted the Court of Appeals to affirm summary disposition in that regard. The trial court's grant of summary disposition on the three common-law tort claims was proper, although not for the stated reason of immunity.

4. Plaintiff has alleged a sufficient deprivation of constitutional rights to state a § 1983 claim against the Oak Park defendants. Summary disposition on the § 1983 claim against the Oak Park defendants is reversed.

Affirmed as to defendant Runkel as to all claims; affirmed as to defendants DeMak, Follo, and Mays with respect to the common-law tort claims, and reversed as to defendants DeMak, Follo, and Mays with respect to the § 1983 claim.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — DISCOVERY.

The curtailment of discovery may be a valid objection to the grant of summary disposition based on the absence of a genuine issue of material fact (MCR 2.116[C][10]).

2. GOVERNMENTAL IMMUNITY — HIGH LEVEL OFFICIALS.

Judges, legislators and the highest executive officials of all levels of government are absolutely immune from all tort liability whenever they are acting within their judicial, legislative, or executive authority.

3. GOVERNMENTAL IMMUNITY — LOWER LEVEL EMPLOYEES — ULTRA VIRES ACTIVITIES.

Lower level government officials, employees, and agents are immune from tort liability only when they are: (1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority; (2) acting in good faith; and (3) performing discretionary, as opposed to ministerial acts; no individual immunity exists for ultra vires activities, i.e., those which are unauthorized and outside the scope of employment; the individual immunity test is to be applied to the specific acts complained of, rather than the general nature of the activity.

4. GOVERNMENTAL IMMUNITY — MUNICIPAL OFFICIALS — EXECUTIVE AUTHORITY.

The highest executive officials of local government are not immune from tort liability for acts outside their executive authority; whether particular acts are within executive authority depends on factors including the nature of the specific acts alleged, the position of the official alleged to have performed the acts, the definition of the official's authority in the charter, ordinance, or other local law, and the structure and allocation of powers in the particular level of government.

5. GOVERNMENTAL IMMUNITY — INTENTIONAL TORTS.

An intentional tort committed by a governmental employee is not per se outside the employee's authority and scope of employment for purposes of determining the application of the doctrine of governmental immunity.

6. TORTS — INTERFERENCE WITH ADVANTAGEOUS ECONOMIC EXPECTATIONS — PLEADING.

A party alleging tortious interference with advantageous economic expectations must allege in his pleadings the defendant's interference with a relationship providing a specific and reasonable economic advantage; this relationship, either existing or prospective, must be of some substance and particularity and there must be some resulting damage arising from the interference.

7. LIBEL AND SLANDER — DEFAMATION.

A claim for defamation requires a showing of a false and defamatory statement concerning the plaintiff; the contents and place where the statement was published must be set forth where the complaint alleges libel.

8. CIVIL RIGHTS — UNITED STATES CODE — PLEADING.

A claim based on 42 USC 1983 requires a showing that the defendant's conduct, carried out under the color of state law, deprived the plaintiff of rights, privileges, or immunities guaranteed by the constitution or laws of the United States; actual damages are not a prerequisite to pleading a § 1983 claim (42 USC 1983).

9. CIVIL RIGHTS — FIRST AMENDMENT — TEACHERS — UNITED STATES CODE.

A teacher is exercising a right protected by the First Amendment when he speaks as a citizen to an issue of public interest in connection with the public schools in which he works; this right may be vindicated in an action pursuant to 42 USC 1983 (US Const, Am I, 42 USC 1983).

*Garrett & Rogers, P.C.* (by *Jon R. Garrett*), for Barry Berlin.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gerald F. Young* and *Paul J. Zimmer,* Assistant Attorneys General, for Phillip Runkel.

*Law Offices of Puleo, Noeske & Tarnavsky* (by *Michael A. Martone*), for Leonard DeMak, Eric Follo, and Maxine Mays.

Before: HOLBROOK, JR., P.J., and SAWYER and J. M. BATZER,* JJ.

PER CURIAM. Plaintiff appeals from grants of summary disposition in favor of defendants on claims sounding in common-law tort and under 42 USC 1983, all relating to incidents of alleged conduct calculated to deter plaintiff from exercising his right to engage in free speech. We affirm as to defendant Phillip Runkel with respect to all claims and as to the remaining defendants with respect to the common-law tort claims, but we reverse as to the latter defendants with respect to the § 1983 claim.

Plaintiff is a supervisor in a program for the severely mentally impaired operated under the auspices of the Oak Park Schools. Defendant Runkel was, at all times pertinent to this case, Superintendent of Public Instruction for the State of Michigan. The other defendants (the Oak Park defendants) exercised supervisory control over plaintiff in the course of his employment with the Oak Park Schools: DeMak as Superintendent of the Oak Park Schools, Follo as Assistant Superintendent, and Mays as Director of Special Educa-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion. Plaintiff and the Oak Park defendants agree that plaintiff's job performance prior to this controversy was outstanding. According to plaintiff's complaint, Mays advised plaintiff and other staff members by memorandum of proposed rules and regulations promulgated by the State Department of Education pertaining to special education and handicapped students. In view of the effect of the proposed regulations on Oak Park programs, Mays encouraged staff to communicate their opinions to the Department of Education. In early November of 1984, plaintiff attended a public hearing conducted by the State Board of Education and voiced his opinions in that forum. Plaintiff contends that it was understood that his comments were made in his personal capacity and did not reflect any official position of the Oak Park Schools. Also in attendance at that hearing was defendant Runkel, who apparently took umbrage at plaintiff's remarks. On November 7, 1984, at a meeting attended by Runkel and DeMak, Runkel criticized plaintiff's conduct. The same day, plaintiff met with defendant Mays, who advised him of critical comments made by Runkel and others. Thereafter, plaintiff took pains to clarify that his comments represented only his own personal views. However, on November 19, 1984, DeMak issued a memorandum warning that employees making public comment without prior clearance from the superintendent "must make it abundantly clear . . . that they speak only as an individual." Subsequently, an article submitted for publication by plaintiff in September of 1984 appeared in a national trade journal, further aggravating the negative publicity attributed by the Oak Park defendants to plaintiff. The Oak Park defendants took a series of measures designed to muzzle plaintiff's input into the controversy over the proposed rules, culminating

in the issuance of a written reprimand by defendant Mays dated December 3, 1984. (The reprimand was apparently removed from the files subsequent to this complaint.) It further appears from the representations of the parties that, after the institution of this suit, the Oak Park defendants recommended that plaintiff's contract of employment not be renewed, but the contract was in fact renewed over the Oak Park defendants' objections after a hearing conducted by the school board.

Plaintiff filed suit in circuit court alleging four counts: (1) a § 1983 claim for infringement of free speech; (2) tortious interference with economic expectations; (3) defamation, and (4) intentional infliction of emotional distress. In granting summary disposition, the trial court ruled that the latter three common-law tort claims were barred by defendants' executive-level official immunity and that the § 1983 claim failed to allege a deprivation of a constitutional right.

Plaintiff argues that defendants are not immune because the allegedly tortious conduct was ultra vires. Plaintiff further argues that summary disposition was premature because he was not afforded an opportunity for complete discovery. If the motion for summary disposition was premised on the absence of a genuine issue of material fact pursuant to MCR 2.116(C)(10), the curtailment of discovery may be a valid objection to the grant of summary disposition. See *Huff v Ford Motor Co,* 127 Mich App 287, 296; 338 NW2d 387 (1983). Although the Oak Park defendants moved for summary disposition in the alternative pursuant to subrules (C)(8) and (10), the circuit court did not specify which ground it relied upon in its immunity ruling. Since, however, plaintiff does not have the burden of pleading facts in avoidance of individual immunity, which is an affirmative defense,

the correct subrule for testing summary disposition is MCR 2.116(C)(7). *Canon v Thumudo,* 430 Mich 326, 344; 422 NW2d 688 (1988). The mere mislabeling of a motion for summary disposition does not preclude appellate review if an appropriate factual record was preserved in the lower court. *Hoffman v Genesee Co,* 157 Mich App 1, 9; 403 NW2d 485 (1987), lv den 428 Mich 902 (1987). In this case, many of the facts essential to the immunity issue are undisputed, having been in large part established by the admissions in the Oak Park defendants' answer to plaintiff's complaint. We undertake appellate review by addressing the specific issues raised with an eye toward determining whether the factual record is sufficiently developed in light of the considerations appropriate to each issue. We add the caveat that remand may be appropriate if an opportunity for complete discovery stands a fair chance of demonstrating a genuine issue of material fact that would be decisive of a motion for summary disposition. See *Ransburg v Wayne Co,* 170 Mich App 358, 360; 427 NW2d 906 (1988).

The test for individual immunity of governmental employees is stated in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 633-634; 363 NW2d 641 (1984):

> We therefore hold that judges, legislators, and the highest executive officials of all levels of government are absolutely immune from all tort liability whenever they are acting within their judicial, legislative, or executive authority. Lower level officials, employees, and agents are immune from tort liability only when they are
>
> 1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority;
>
> 2) acting in good faith; and

3) performing discretionary, as opposed to minis-
terial acts.
Under this test, no individual immunity exists for
*ultra vires* activities.

For purposes of individual immunity, ultra vires
activities are defined as "those which are unautho-
rized and outside the scope of employment." *Id.,* p
631.

As to defendant Runkel, it is alleged as a factual
matter only that he attended a hearing in which
plaintiff made comments and that he later criti-
cized plaintiff's conduct. As Superintendent of Pub-
lic Instruction, Runkel was the principal executive
officer of the State Department of Education. Const
1963, art 8, § 3. Acting in this capacity, Runkel
was entitled to the absolute immunity afforded the
highest executive officials of state government.
Even if it was not clear from *Ross* that absolute
immunity would encompass intentional miscon-
duct, *id.,* pp 632-633, the contours of absolute
immunity assumed greater dimension in *Marrocco
v Randlett,* 431 Mich 700; 433 NW2d 68 (1988), in
which the Court set forth an analysis controlling
claims of intentional tort:

> We hold that the highest executive officials of
> local government are not immune from tort liabil-
> ity for acts not within their executive authority.
> The determination whether particular acts are
> within their authority depends on a number of
> factors, including the nature of the specific acts
> alleged, the position held by the official alleged to
> have performed the acts, the charter, ordinances,
> or other local law defining the official's authority,
> and the structure and allocation of powers in the
> particular level of government. [*Id.,* pp 710-711.]

It requires no extended discussion to conclude that
Runkel's limited role in contributing to plaintiff's

grievances did not contravene Runkel's broad-based authority set forth by constitution and statute to guide the formation and development of educational policy within this state. There is no suggestion of an intentional misuse of a badge of government exceeding Runkel's legitimate authority. *Id.,* pp 707-708. We agree with the circuit court that Runkel was entitled to summary disposition on the three common-law tort claims.

However, we are constrained to disagree with the circuit court that the Oak Park defendants were also entitled to absolute, executive-level immunity. This Court has previously held that the lower-level immunity test must be applied for tort claims against a school superintendent, *Kirschner v Carney-Nadeau Public Schools,* 174 Mich App 642; 436 NW2d 416 (1989), lv pending, and against a high school principal, *Eichhorn v Lamphere School Dist,* 166 Mich App 527, 538-539; 421 NW2d 230 (1988), lv den 431 Mich 861 (1988). See also *Willoughby v Lehrbass,* 150 Mich App 319, 348-350; 388 NW2d 688 (1986). We conclude that the potential immunity of the Oak Park defendants must be evaluated in similar fashion.

Plaintiff's main contention is that the alleged torts are intentional and therefore ultra vires, which avoids individual immunity. We disagree that an intentional tort committed by a governmental employee is per se outside the employee's authority and scope of employment. A reading of *Ross* persuades us that an intentional tort is analytically no different from any other theory sounding in tort and that the test for immunity stated in *Ross* still controls. This is not to say that a governmental employee's intentional torts are protected by immunity as a matter of rote; indeed, it would be the rare case where assaultive behavior would fall within the scope of authority and course

of employment. See *Butler v Detroit,* 149 Mich App 708, 715; 386 NW2d 645 (1986), lv den 426 Mich 867 (1986), where the Court said: "As a general rule, persons committing intentional torts are not protected by governmental immunity." However, this question is essentially factual, and the scope of authority and course of employment may encompass an intentional tort in an appropriate case. An analogy can be properly drawn from the holding in the opinion by Justice BRICKLEY in *Smith v Dep't of Public Health,* 428 Mich 540, 590-611; 410 NW2d 749 (1987), that there is no intentional tort exception to immunity attaching to governmental entities. Instead, *Smith* mandates that immunity be determined by inquiring whether the intentional tort was committed within the scope of a governmental function. In similar fashion, the appropriate inquiry for individual immunity is whether the alleged tort was committed within the employee's authority and course of employment.

We cannot answer this question on the present record. As noted earlier, summary disposition must be decided pursuant to MCR 2.116(C)(7), which requires the court's consideration of affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(3), (5). The need in this case for further development of a factual record is all the more acute when it is remembered that the individual immunity test is to be applied to "the specific acts complained of, rather than the general nature of the activity." *Ross, supra,* p 635. Moreover, determination of the good faith and discretionary/ministerial components of this test is similarly premature on the present state of the record. Accordingly, the circuit court's grant of summary disposition cannot be affirmed pursuant to MCR 2.116(C)(7).

We next address whether summary disposition could have been properly granted pursuant to MCR 2.116(C)(8) on grounds specific to the tort theories alleged, aside from the issue of governmental immunity. With respect to the count labeled tortious interference with advantageous economic expectations, the pleader must allege the defendant's interference with a relationship providing a specific and reasonable economic advantage. This relationship, either existing or prospective, must be of some substance and particularity. *Schipani v Ford Motor Co,* 102 Mich App 606, 622; 302 NW2d 307 (1981). Additionally, there must be some resulting damage arising from the interference. *Woody v Tamer,* 158 Mich App 764, 776; 405 NW2d 213 (1987), lv den 429 Mich 896 (1988). In this case, plaintiff has alleged a stake in his continued employment with the Oak Park Schools; this is sufficient to meet the requirement of a relationship. See *Feaheny v Caldwell,* 175 Mich App 291; 437 NW2d 358 (1989). What is lacking is an allegation of any substantial interference with that relationship or any advantage of which plaintiff has been deprived. Plaintiff alleges that his job effectiveness has been diminished and that his position as a supervisor is in potential jeopardy. This is too insubstantial. Furthermore, damages for an interference lacking in any measurable magnitude would be speculative, if legally present at all. Plaintiff's basic injury is mental anguish resulting from his fear that his supervisors will some day retaliate against him. We are not persuaded that the tort of interference with prospective economic advantage provides the appropriate redress for this type of injury.

Similarly, we conclude that plaintiff's defamation claim should have been dismissed pursuant to MCR 2.116(C)(8). A claim for defamation requires a

showing of a false and defamatory statement concerning the plaintiff. *Rouch v Enquirer & News of Battle Creek,* 427 Mich 157, 173; 398 NW2d 245 (1986). If the complaint alleges libel, the contents and place where the statement was published must be set forth. *Wynn v Cole,* 68 Mich App 706, 713; 243 NW2d 923 (1976). In this case, judging from the complaint, the allegedly defamatory statements consist only of criticism of plaintiff's conduct and the accusation that that conduct damaged the image and reputation of the Oak Park Schools. Such personal criticism is not defamatory in a legal sense. *Nuyen v Slater,* 372 Mich 654, 661-662; 127 NW2d 369 (1964). Moreover, it is highly unlikely that comments of this nature would be deemed false as a factual matter. At least, plaintiff does not allege specifically any falsity or that plaintiff was thereby placed in a false light. See *Morganroth v Whitall,* 161 Mich App 785, 790-794; 411 NW2d 859 (1987).

Because plaintiff stipulated below to dismissal of the count for intentional infliction of emotional distress and has not pursued this theory on appeal, we will not disturb summary disposition as to that count. We conclude that the circuit court's grant of summary disposition on the three common-law tort claims was proper, although not for the stated reason of immunity. As previously noted, summary disposition of the claims for interference with economic advantage and defamation would have been proper pursuant to MCR 2.116(C)(8) because those claims, viewed on the pleadings alone, were unenforceable as a matter of law so that no factual development could justify a right of recovery. See *Harris v Detroit,* 160 Mich App 223, 225-226; 408 NW2d 82 (1987). Affirmance is appropriate when the circuit court reaches the right result, even if it assigns the wrong reason.

See *Nrecaj v Yono,* 173 Mich App 686, 689; 434 NW2d 210 (1988).

Plaintiff argues that defendants' alleged suppression of his right to speak amounted to a deprivation of First Amendment rights remediable pursuant to 42 USC 1983. Because the circuit court's decision to the contrary was reached for the stated reason that the complaint failed to state a valid § 1983 claim, the appropriate subrule for purposes of review is MCR 2.116(C)(8). Moreover, the record before us does not lend itself to review pursuant to the alternative ground provided by MCR 2.116(C)(10).

A claim based on 42 USC 1983 requires a showing that the defendant's conduct, carried out under the color of state law, deprived the plaintiff of rights, privileges, or immunities guaranteed by the constitution or laws of the United States. *Electro-Tech, Inc v H F Campbell Co,* 161 Mich App 622, 626; 411 NW2d 800 (1987), lv gtd 430 Mich 858 (1988); *Faler v Lenawee Co Sheriff,* 161 Mich App 222, 227; 409 NW2d 791 (1987), lv den 430 Mich 870 (1988). In this case, plaintiff pled that the Oak Park defendants engaged in a series of measures designed to deter plaintiff from commenting on a matter of public interest. To that end, the Oak Park defendants, acting as persons exercising supervisory control over plaintiff, repeatedly tried to dissuade plaintiff from speaking, issued a written reprimand, threatened more severe disciplinary action, and denied him permission to engage in public discussion. When a teacher speaks as a citizen to an issue of public interest in connection with the public schools in which he works, he is exercising a right protected by the First Amendment. *Pickering v Bd of Ed of Twp High School Dist 205, Will Co,* 391 US 563; 88 S Ct 1731; 20 L Ed 2d 811 (1968). This right may be vindicated in a

§ 1983 action. See *Johnson v Lincoln University,* 776 F2d 443 (CA 3, 1985). Thus, as to the Oak Park defendants, plaintiff has alleged a sufficient deprivation of constitutional rights to state a § 1983 claim. Whether or not plaintiff failed to make clear that he was speaking as a private citizen, not as an official representative of the Oak Park Schools, is a matter of factual dispute not amenable to resolution within the context of a motion pursuant to MCR 2.116(C)(8).

The Oak Park defendants' contention that plaintiff, having retained his job, cannot claim damages for a § 1983 claim is irrelevant at this juncture in the proceedings. Actual damages are not a prerequisite to pleading a § 1983 claim. See *Carey v Piphus,* 435 US 247, 266-267; 98 S Ct 1042, 1053-1054; 55 L Ed 2d 252, 266-267 (1978); *Murray v Bd of Trustees, University of Louisville,* 659 F2d 77 (CA 6, 1981). We express no opinion as to the measure of damages to which plaintiff would be entitled if he proves his claim.

Our reversal of the summary disposition on the § 1983 claim is limited to the Oak Park defendants. As to defendant Runkel, the complaint only alleges one instance of his criticism of plaintiff's conduct. This limited allegation is too tenuous to support any theory that Runkel acted to deprive plaintiff of his right to free speech. We affirm summary disposition in favor of Runkel.

Affirmed as to defendant Runkel; affirmed in part and reversed in part as to defendants DeMak, Follo, and Mays.